IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:14cr413-WKW-TFM-1 |
| | ) | |
| CALEN ODELL CHACON | ) | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on July 14, 2014, pursuant to the Government's Motion for Detention (Doc.6). Based upon consideration of the evidence presented, the Court concludes that the defendant should be detained pending trial in this case and **GRANTS** the *Government's Motion for Detention* (Doc. 6).

## Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846. The Defendant is charged with knowingly and intentionally possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear.

## Part II - Written Statement of Reasons for Detention

1

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that on June 30, 2014, the defendant, Calen Chacon, "Chacon", was found in possession of approximately 1 kilogram of methamphetamine. Chacon told DEA Agent Thompson, "Thompson" that the methamphetamine found by law enforcement came out of a deal Chacon brokered between his source of supply and Ashley Harley. Chacon was on bond for possession of drug paraphernalia and possession of a controlled substance when Chacon brokered the deal. Encounters between law enforcement and Chacon are numerous.

On March 20, 2014, Chacon was stopped by Hartford, Alabama police because the White Escalade he was driving had not license plate. A search of the car revealed methamphetamine and cocaine in 4 individual bags. The car was registered to Chacon's girlfriend. According to Thompson, the individual bags of narcotics and the car being registered to someone else are indicia of narcotics trafficking.

On June 26, 2014, Chacon was stopped by an Alabama State Trooper because Chacon was traveling 120 miles per hour in an area where the speed limit is 55 miles per hour. The search incident to Chacon's arrest revealed a pipe to smoke methamphetamine, and $2,800 in currency. According to Thompson, the currency is indicia of narcotics trafficking.

On September 13, 2013, Chacon fired a pistol at a group at an apartment complex and menacing charges were lodged against Chacon. Shortly before the court date on the menacing charges, a Hartford, Alabama police officer served subpoenas upon two witnesses to the menacing charge. After the police left the area, Chacon offered a bribe to the two witnesses

not to appear. The witnesses reported the bribery attempt and Witness Tampering charges were brought against Chacon. Chacon stipulated to the Menacing and Witness Tampering charges and received fines as punishment. Chacon presented no credible evidence that he has a legitimate job. Chacon, by his conduct while on bond, has shown that measures short of incarceration will not eliminate the danger he poses to the community. Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 16th day of July, 2014.

/s/Terry F. Moorer
TERRY F MOORER
UNITED STATES MAGISTRATE JUDGE