IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| V. ) | CASE NO.: 2:14cr413-WKW-TFM-1 |
| ) | |
| CALEN CHACON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CALEN CHACON'S MOTION FOR REVOCATION OF DETENTION ORDER**

Defendant Calen Chacon, by and through undersigned counsel, pursuant to 18 U.S.C. § 3145(b) (makes this motion for revocation of the Honorable Judge Moorer's detention order ( the "order") (Doc. 25 ). Defendant Calen Chacon moves this Court to enter an order: (1) revoking the order (Doc. 25 ); (2) releasing him from pretrial detention; and (3) setting forth appropriate conditions of bond.  In doing so, Defendant Calen Chacon hereby incorporates the evidence of his revocation hearing and all exhibits admitted therein.

Under 18 U.S.C. § 1345(b), "If a person is ordered detained [prior to trial] by a magistrate judge, . . .the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  In *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985), the Eleventh Circuit held that, when a defendant challenges the order of a magistrate to detain him prior to trial under § 1345, "the district court must undertake a de novo review of the factual posture of the case and provide its own findings of fact and statement of reasons for its decision." *See also United States v. King,* 849 F.2d 485, 490 (11th Cir. 1988) (a district court may adopt the findings of the magistrate, but must do so explicitly and only after its own independent review); *United States v. Hanson*, 613 F.Supp.2d 85, 87-88 (D.C. Cir. 2009)("[D]istrict Court's review of the magistrate judge's bail determination is de novo.

[District] Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons.")

Judge Moorer's order (Doc. 25 ) rested primarily upon the concerns that Mr. Chacon was a danger to the community and a flight risk.  Further, the Court determined that no conditions or combinations exist to alleviate those concerns. (Doc. 25).  Undersigned will address the issues of danger, flight and restrictions the Court may impose upon the defendant as conditions of being released from detention.

**I.     Danger**

If the government alleges that the defendant is a danger to the community, the danger it claims the defendant poses must relate to the federal case; unrelated allegations of danger to others is insufficient to justify an order of detention.  *Ploof*, 851 F.2d at 11; *United States v. Say,* 233 F. Supp. 2d 221 (D. Mass. 2002).  The government bears the burden of showing dangerousness by clear and convincing evidence.  *See United States v. Gray*, 651 F. Supp. 432 (W.D. Ark. 1987); *See also United States v. Patriarca,* 948 F.2d 789 (1st Cir.1991).

Undersigned concedes the fact that Mr. Chacon has been arrested and has pending charges, however, based upon the testimony at the detention hearing, Mr. Chacon has never been convicted of a felony offense, always appeared at court proceedings, never had a bond revoked, never assaulted an officer, nor was a firearm found in his possession when he was arrested in the present case, yet the government wants to portray him as a danger to the community.  Surely, if Mr. Chacon was such a danger, he would have at the very least have been convicted of a felony offense by now.  Further, if Mr. Chacon was such a danger, it begs the question of why he was ever given bond regarding these pending charges and why his bond on these pending

charges has not been revoked ?

## II.     Flight

A defendant should only be detained if she or he represents a serious risk of flight. That is a substantial burden for the government to meet. *United States v. Giordana,* 370 F. Supp. 2d 1256 (S.D. Fla. 2005) (serious charges do not necessarily equal serious flight risk). Strong evidence of guilt alone, however, should not be sufficient to show risk of fight where there are ties to the community. *See United States v. Friedman*, 837 F.2d 48 (2d Cir. 1988); *United States v. Gray,* 651 F. Supp. 432 (W.D. Ark. 1987), *aff'd by,* 855 F.2d 858 (8th Cir. 1988).

Mr. Chacon is a lifelong resident of Geneva County, Alabama. In addition to his residency, both his mother and grandmother live in Geneva County, Alabama, as well as other relatives. As stated by his mother at his detention hearing, Mr. Chacon would live with her and his grandmother. Finally, no evidence was ever presented at the detention hearing that Mr. Chacon has ever missed a court appearance regarding any criminal charge.

## III.    Conditions of Release

If the court determines that personal recognizance or an unsecured bond will not reasonably assure the appearance or will endanger any other person or the community, 18 U.S.C. § 3142(c) still mandates release ("shall order the pretrial release") subject to certain specified conditions. The conditions, which must include that the person not violate any federal, state or local law, must be the least restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. The provision that conditions "reasonably assure" appearance and safety does not require a guarantee of appearance or safety. *See United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990); *United States v. Fortna,* 769 F.2d 243 (5th Cir. 1985), *cert. denied,* 479 U.S. 950 (1986).

This Court has numerous conditions that it may impose upon Mr. Chacon to assure his appearance and alleviate any danger that he may present to the community.  The statute suggests numerous conditions of release that the court may impose, including permission to impose "any other condition that is reasonably necessary to assure the appearance of the person as required and the safety of any other person in the community."  18 U.S.C. § 3142(c) (1)(B)(xiv); *see, e.g., United States v. Miller*, 625 F. Supp. 513 (D. Kan. 1985); *United States v. Kakar*, 746 F. Supp. 369 (S.D.N.Y. 1990).  House arrest is a permissible condition of release. *United States v. Traitz*, 807 F.2d 322 (3d Cir. 1986).  Ordering the trial to go forward in the defendant's absence should the defendant fail to appear may be authorized as a condition of release.  *United States v. Thomas,* 667 F. Supp.727 (D. Or. 1987).  Curfew restrictions, limitations on the operation of motor vehicles and travel, and communication restrictions are also authorized.  *See* 18 U.S.C. § 3142 (c); *Miller*, 625 F. Supp. at 513.  Additionally, designed to protect the community must be justified by an individualized showing that the defendant "poses a heightened risk of misbehaving"; the government may not rely on the fact of arrest alone or a generalized law enforcement interest.  *See United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006) (warrantless search and drug testing were invalid).

The American criminal justice system has always recognized that "federal law has unequivocally provided that a person arrested for a non-capital offender shall be admitted to bail." *Stack v. Boyle*, 342 U.S. 1, 4 (1951).  "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction.  Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Id.* (internal citations omitted).

ACCORDINGLY, Defendant Calen Chacon moves this Court to enter an order: (1) revoking the order (Doc. 25); (2) releasing him from pretrial detention; and (3) setting forth appropriate conditions of bond.

/s Dustin J. Fowler
Dustin J. Fowler
Attorney for Defendant
Buntin, Etheredge & Fowler, LLC
ASB-8960-S69F
P.O. Box 1193
Dothan, Al 36301
Phone: (334) 793-3377
Facsimile: (334) 793-7756

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 16th day of July, 2014, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send electronic notice to all counsel of record.

/s Dustin J. Fowler
Dustin J. Fowler
Attorney for Defendant
Buntin, Etheredge & Fowler, LLC
ASB-8960-S69F
P.O. Box 1193
Dothan, Al 36301
Phone: (334) 793-3377
Facsimile: (334) 793-7756
